UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __12/17/2024__
```

RICHARD CULLEY,

                              Plaintiff

        -against-

EDWARDS MANUFACTURING COMPANY OF
ALBERTA LEA

                              Defendant.

No. 20-cv-7346 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Richard Culley ("Plaintiff" or "Culley") initiated this action on September 9, 2020, seeking redress for claims of manufacturing defect, breach of expressed or implied warranties, design defect and failure to warn arising from an incident on December 9, 2017 (the "accident") wherein Plaintiff, while working for Hudson River Truck and Trailer ("Hudson"), sustained serious injuries while using a JAWS IV Ironworker (the "Ironworker") manufactured by the Defendant Edwards Manufacturing Company of Alberta Lea  ("Defendant" or "Edwards"). Trial is scheduled to begin January 7, 2025. (Minute Entry for Proceedings held before Judge Nelson Stephen Román, September 19, 2024).

Before the Court are Plaintiff's motion *in limine* ("Plaintiff Mot." or "Plaintiff Motion," ECF No. 70) and Defendant's motions *in limine* ("72 Motion" or "72 Mot.", ECF No. 72, and "74 Motion" or "74 Mot.", ECF No. 74).

Plaintiff has moved *in limine* to: (1) preclude admission of statements and forms in Occupational Safety and Health Administration ("OSHA") records, specifically contained in an OSHA 301 form and in two pages of handwritten notes; (2) preclude admission of a Workers'

1

Compensation Board form completed in relation to the accident; and (3) preclude admission of evidence related to Plaintiff's prior work injuries contained in an OSHA 300 form.

Defendant has moved *in limine* to: (1) preclude the admission of the testimony of Plaintiff's expert Kevin Elphick, and (2) preclude the admission of evidence of post-manufacture modifications to later-model ironworkers.

## BACKGROUND

The Court assumes familiarity with the facts and allegations in this case, as well as the procedural background of this case. *See*, *e.g., Culley v. Edwards Mfg. Co. of Albert Lea,* No. 20-CV-7346 (NSR), 2024 WL 1621522 (S.D.N.Y. Apr. 12, 2024) (addressing Defendant's first motion for summary judgment).

On November 6, 2024, the Court adopted the following motions *in limine* briefing schedule with moving papers to be filed November 8, 2024, the responses papers to be filed November 15, 2024, and the reply papers to be filed November 22, 2024 (ECF No. 71). Plaintiff filed his motion *in limine* and supporting papers on November 6, 2024, and Defendant filed its motions *in limine* and supporting papers on November 8, 2024. On November 15, 2024, Defendant filed its opposition to Plaintiff's motion ("Defendant Opp." or "Defendant Opposition") (ECF No. 78), and Plaintiff filed his opposition to Defendants' motions ("72 Opp." or "72 Opposition" and "74 Opp." or "74 Opposition") (ECF Nos. 77 and 76, respectively). On November 22, 2024, Plaintiff filed his reply in support of his motion ("Plaintiff Reply") (ECF No. 79), and Defendant filed its replies in support of its motions ("72 Reply" and "74 Reply") (ECF Nos. 81 and 80, respectively).

## LEGAL STANDARDS

"A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d

173, 176–77 (S.D.N.Y. 2008) (citing *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984)).  An *in limine* motion is intended "to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal citation omitted).  "Because a ruling on a motion *in limine* is 'subject to change as the case unfolds,' this ruling constitutes a preliminary determination in preparation for trial." *United States v. Perez*, No. 09 CR 1153 MEA, 2011 WL 1431985, at *1 (S.D.N.Y. Apr. 12, 2011) (quoting *Palmieri*, 88 F.3d at 139).

With certain exceptions, all relevant evidence is admissible, and evidence which is not relevant is not admissible.  Fed. R. Evid. 402.  Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Relevant evidence may still be excluded by the Court "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  Though the "standard of relevance established by the Federal Rules of Evidence is not high," *United States v. Southland Corp.*, 760 F.2d 1366, 1375 (2d Cir. 1985), the Court has "broad discretion to balance probative value against possible prejudice" under Rule 403, *United States v. Bermudez*, 529 F.3d 158, 161 (2d Cir. 2008).

## DISCUSSION

### I.    Plaintiff's Motion *in Limine* as to OSHA Investigation Records

Plaintiff's motion *in limine* seeks to preclude records included in and stemming from

OSHA's investigation of the accident (the "OSHA Records"). Plaintiff specifically seeks to preclude "statements by third parties that Plaintiff was not wearing safety glasses at the time at issue presented on OSHA Form 301 on page 50 and notes on page 52 of the OSHA records," and "notes arguably recording speculative comment[s] by Plaintiff presented in page 46 of the OSHA records." (Plaintiff Mot., p. 1.)

Defendant does not offer any legal justification to oppose Plaintiff's motion to preclude the OSHA Form 301 on page 50 of the OSHA records and the notes on page 52 of the OSHA records, instead only stating that "Edwards is amenable to an order that Edwards will not offer [the challenged evidence] without first alerting Mr. Culley and the Court outside the presence of the jury and providing a basis for their admission." (Defendant Opp., pp. 1-2.)

Plaintiff argues that such statements are not admissible as public records under 803(8), as they were written by a Hudson employee, rather than by a public official pursuant to any public duties or obligations, are not admissible as business records under rule 803(6), as they were made by a Hudson employee without knowledge of the accident, and do not otherwise fall into any other Rule 803 hearsay exception. (Plaintiff Mot., pp. 3-4.) Given that Defendant offers no substantive opposition to Plaintiff's arguments, the Court grants Plaintiff's motion to preclude the admission of the OSHA Form 301 and the admission of the notes on page 52 of the OSHA records.

Defendant does, however, cursorily offer a more substantive argument against Plaintiff's motion to preclude notes detailing comments purportedly made by the Plaintiff on page 46 of the OSHA records, albeit only as to one of the statements. By way of context,  the statements are: "I was cutting stainless steel in the ironworker; At the time I had no idea what hit me; It hit me above the eye, near my eyebrow; I had vision @ the time of the incident; I was wearing safety glasses @

the time of the incident – it hit above that[;] I don't think a guard would have prevented the incident from happening; I still have no vision." (Plaintiff Mot., p. 6.)

Defendant's only substantive argument is that Plaintiff's purported statement that "a guard would not have made a difference" is "relevant and material to his defect claim. Thus, it meets the requirements of Rules 401 and 402. And the fact that this statement is not consistent with Mr. Culley's litigation position does not make it unduly prejudicial under Rule 403." (Defendant Opp., pp. 2-3.) Defendant argues that such statements are admissible "[u]nder Federal Rule of Evidence 801(d)(2)(a)" "if offered by Edwards." (*Id.*)

The Court disagrees and finds this statement inadmissible under Rule 401's relevancy test and therefore precluded per Rule 402. Fed. R. Evid. 401-402. Specifically, the Court finds this statement is plainly irrelevant as it pertains to a front guard, which is not at issue in the instant action. As Plaintiff correctly notes, the handwritten statements are contained "in documents provided by OSHA as to their investigation about the incident and Hudson's failure to have in place the front guard that was supplied with the Ironworker. The only reasonable inference as to the opinion's meaning is that it related to the absence of the front guard, was responsive to a question about the front guard, and/or was offered in the context of a discussion about the missing front guard." (Plaintiff Reply, p. 5.)

As the basis of Plaintiff's remaining claims are tied to the issue of a potential rear guard, *not* the front guard, the Court finds that Plaintiff's purported comment regarding the front guard are not relevant to the instant action. Simply put, irrelevant evidence is unhelpful and inadmissible. *United States v. Rossy*, 2023 WL 8039500, *3 (S.D.N.Y. Nov. 20, 2023). Indeed, "raising the unrelated matter of the missing front guard creates a red herring that will encourage the jury to misread the issue and the evidence." (Plaintiff Mot., p. 20.) The Court therefore grants Plaintiff's

motion to preclude admission of the statement regarding the supposed impact of a guard purportedly made by the Plaintiff on page 46 of the OSHA records.

The Court now turns its attention to the remaining handwritten statements. Plaintiff here does not raise an argument about relevancy but instead raises an argument as to whether the remaining handwritten statements constitute admissible hearsay. On one hand, the OSHA records do qualify as admissible hearsay per Rule 803; on the other hand, statements included therein constitute hearsay within hearsay and must be admissible of their own accord. *See Vasquez v. FCE Indus., Ltd.,* 2008 WL 4224396 (E.D.N.Y. Sept. 10, 2008)*,* aff'd sub nom. *Vasquez v. GMD Shipyard Corp.,* 582 F.3d 293 (2d Cir. 2009).

For the remaining statements to be admissible, they "must fall into one of the enumerated exceptions to the hearsay rule under 803 if they are to come in." *Rodriguez v. Mod. Handling Equip. of NJ, Inc*., 604 F. Supp. 2d 612, 623 (S.D.N.Y. 2009). The only conceivably applicable hearsay exceptions would be the Public Records exception or the Records of a Regularly Conducted Activity exception; however, both exceptions render hearsay inadmissible if the possible source of the information or other circumstances indicate a lack of trustworthiness. Fed. R. Evid. 803(6)(E) and (8)(B). The source of these statements and the basis for these statements are not identified; it is not even apparent who wrote the statements and in what context they were made. For 803(6) and (8), the "principal precondition" to admissibility "is that the record [] [has] sufficient indicia of trustworthiness to be considered reliable." *Saks Int'l v. M/V "EXPORT CHAMPION"*, 817 F.2d 1011, 1013 (2d Cir. 1987). No such indicia can be found here. Because there is simply no information for the Court to understand the remaining handwritten statements, the Court finds there to be a "lack of trustworthiness" regarding said statements and finds them to not be admissible under 803(6) and (8)'s exceptions to the hearsay rule. Due to this lack of

trustworthiness, the Court likewise finds the remaining handwritten statements to not be admissible under the Residual Exception to the hearsay rule. Fed. R. Evid. 807(a)(1) (requiring that a hearsay statement be supported by "sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement.")

The Defendant does not offer any legal basis for the Court to disagree with the Plaintiff's argument regarding the remaining handwritten statements. Therefore, the Court grants Plaintiff's motion to preclude admission of the remaining handwritten statements on page 46 of the OSHA Records; the handwritten statements on page 46 of the OSHA Records are thereby precluded in their entirety.

II.    **Plaintiff's Motion *in Limine* as to the Hudson Worker's Compensation Board Form**

Plaintiff seeks to exclude the Hudson Worker's Compensation Board Form completed by Hudson owner Lynn Maneri ("Maneri") regarding the accident on the grounds that it is not admissible as a business record under Rule 803(6), as the form was not completed by someone with knowledge of the event (Maneri did not witness the accident).  Additionally, Plaintiff argues that given Maneri did not have first-hand knowledge of the accident and did not identify her source of information in filling out the form, such evidence is unable to be admissible per the Residual Exception, as the circumstances surrounding the form do not sufficiently indicate trustworthiness as required to invoke Rule 807. Defendant offers no argument to the contrary, instead only stating that it is "amenable to an order that Edwards will not offer the Hudson WCB form related to Mr. Culley's accident without first alerting Mr. Culley and the Court outside of the presence of the jury." (Defendant Reply, p. 4.) With no legal basis from the Defendant to rule otherwise, the Court

grants Plaintiff's motion to preclude admission of the Hudson Worker's Compensation Board form.

### III.    Plaintiff's Motion *in Limine* as to OSHA Form 300

Plaintiff seeks to exclude the OSHA Form 300 detailing Plaintiff's prior injuries on the grounds that it is not relevant evidence under Rule 401, as they deal with injuries that are not related to the instant action arising from an eye injury – namely, a dizzy spell, a hurt finger, and a hurt back. Defendant again offers no argument to the contrary, stating that it is "the relevancy of this evidence may depend on what evidence Mr. Culley offers at trial" and that "Edwards is amenable to an order that Edwards will not offer the challenged OSHA Form 300 without first alerting Mr. Culley and the Court outside the presence of the jury." (Defendant Opp., p. 4.) With no legal basis proffered  by the Defendant to rule otherwise, the Court grants Plaintiff's motion to preclude admission of the OSHA Form 300.

### IV.    Defendant's Motion *in Limine* as to the Expert Testimony of Kevin Elphick

#### a.    Applicable Legal Standard

The testimony of an expert, at trial, must be reliable and relevant. The standards governing the admissibility of expert testimony are set forth in Fed. R. Evid. 702 ("Rule 702"), which provides that "[a] witness...qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if...the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702.

The standards have been further clarified by the Supreme Court's decisions in *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 113 S. Ct. 2786 (1993) and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 119 S. Ct. 1167 (1999). In *Daubert*, the Supreme Court defined the role of the district court as that of a gatekeeper charged with the task of deciding whether an

expert's scientific testimony satisfies Rule 702's general requirements of reliability and relevance. *Daubert*, 509 U.S. at 597. Originally intended to screen out "junk science," *Daubert* has been extended to both technical and other specialized expert evidence. *See Kumho*, 526 U.S. 137.

In addition to screening whether or not a proposed individual qualifies as an expert as contemplated by Rule 702, the court must assess whether the purported expert's testimony is relevant and reliable to be admissible at trial. In assessing the reliability of potential expert testimony, the court must, "...make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id*. Hence, the court must focus on the purported expert's principles and methodology, not on the expert's conclusions. Ultimately, admissibility is a question of law that rests within the discretion of the district court. *United States v. Feliciano,* 223 F.3d 102, 120 (2d Cir. 2000).

Notably, in December 2000, Rule 702 was amended to reflect the court's gatekeeping task. With regards to assessing expert testimony for admissibility, Rule 702 now instructs district courts to ensure that: "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702. Further, the proponent of the evidence must establish its admissibility by a preponderance of the proof. *See Bourjaily v. United States*, 483 U.S. 171, 175–76 (1987).

Here, the Defendant seeks to preclude admission of Plaintiff's expert witness Kevin Elphick. The Defendant argues that "Elphick has not provided data to support his opinion" and that "Elphick'[s] opinions [is] the type of *ipse dixit* that court routinely hold should be precluded from evidence." (72 Mot., p. 4.) The Defendant specifically cites to a portion of the transcript of

9

the deposition of Kevin Elphick which Defendant believes undermines Elphick's conclusions, but such an argument, in actuality, functions as an argument of Elphick's credibility which lies with the jury and is not an appropriate basis for exclusion of expert testimony. *See Bravo v. Shamailov,* 221 F. Supp. 3d 413. 423 (S.D.N.Y. 2016) (noting that "[i]t is the jury's role to determine whether a witness is credible and to decide what weight to give that witness's testimony"); *see also Wiercinski v. Mangia 57, Inc.,* 787 F.3d 106, 112–113 (2d Cir. 2015). As the Defendant's motion does not otherwise substantively address the factors relevant for determining whether to exclude expert testimony, the Court denies Defendant's motion to exclude Elphick's expert testimony.

V.    **Defendant's Motion *in Limine* as to Evidence of Post-Manufacture, Pre-Accident Modifications**
       a.  **Applicable legal standard**

Rule 407 excludes evidence of subsequent remedial measures "'to prove negligence or culpable conduct.'" *In re Joint E. Dist. & S. Dist. Asbestos Litig.*, 995 F.2d 343, 345 (2d Cir. 1993) (quoting Fed. R. Evid. 407). However, such measures may be admissible "'for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.'" *Id*. Courts caution that "[f]easibility' is not an open sesame whose mere invocation parts Rule 407 and ushers in evidence of subsequent repairs and remedies. To read it that casually will cause the exception to engulf the rule." *Id*. A "defendant must first contest, [for example,] the feasibility of a warning before the subsequent warning would become admissible." *Id*. See also Fed. R. Evid. 407 advisory committee's notes (1972 Proposed Rules) ("The requirement that the other purpose be controverted calls for automatic exclusion unless a genuine issue be present and allows the opposing party to lay the groundwork for exclusion by making an admission.")

Important context for Rule 407 is that it is inapplicable to pre-accident conduct. *See Figueroa v. Bos. Sci. Corp.,* 2003 WL 21488012, *5 (S.D.N.Y. June 27, 2003); *Ake v. Gen. Motors*

*Corp.,* 942 F. Supp. 869, 879 (W.D.N.Y.1996); *see also In re Air Crash Disaster,* 86 F.3d 498, 531 (6th Cir.1996) (holding that Rule 407 does not apply to post-manufacture, pre-accident measures); *U.S. Fid. & Guar. v. Baker Material Handling Corp.,* 62 F.3d 24, 27 (1st Cir.1995) (same).

Defendant seeks to preclude "evidence that [Defendant] modified the design of the model ironworker at issue after production of the subject ironworker." (74 Mot., p. 1.) Defendant seeks to restrict *any* action taken after the production date of the subject ironworker, rather than action taken after Plaintiff's injury. (*Id*.) Post-manufacture modifications of the ironworker may not be characterized as subsequent remedial remedies to the extent they occur prior to the accident at issue; however, caselaw has counseled some restrictions on such modifications' admissibility. Specifically, post-manufacture design changes preceding an accident may be admissible "in a design defect case to show feasibility (if defendant contests feasibility); or in a failure-to-warn case to show failure to warn of a known risk or defect." *Ake v. Gen. Motors Corp.*, 942 F. Supp. 869 (W.D.N.Y. 1996)

Here, Defendant's motion suggests that it is not contesting the feasibility of a rear guard. (72 Mot., p. 2.) To that end, Plaintiff may not introduce post-manufacture modifications for the purposes of establishing feasibility. *Ake,* 942 F. Supp. 869; *see also Haran by Haran v. Union Carbide Corp.,* 68 N.Y.2d 710 (1986).

However, to the extent Plaintiff is seeking to argue that Defendant failed to warn of a known danger existing when the ironworker is not equipped with a rear guard, the Plaintiff may introduce evidence of post-manufacture, pre-accident modifications contingent on Plaintiff first presenting evidence that Defendant was on notice of a danger or defect. Such proof of notice cannot be the mere fact that there were post-manufacture design modifications as "design

modifications alone are not evidence that the defendant knew that the original design was inadequate." *Ake*, 942 F. Supp. 869. If Plaintiff does not first demonstrate that Defendant knew the original design of the ironworker was inadequate, then Plaintiff may not introduce any evidence of post-manufacture, pre-accident modifications.

Thus, the Court grant Defendant's motion to preclude evidence of post-manufacture modifications in part; specifically, the Court will only allow Plaintiff to introduce evidence of post-manufacture modifications to go towards his arguments regarding Defendant's duty to warn, contingent upon Plaintiff first establishing, independent of any post-manufacture modifications, that Defendant was on notice of the original design's inadequacy.

## CONCLUSION

For the foregoing reasons, Plaintiff Richard Culley's motion *in limine* is GRANTED and Defendant Edwards Manufacturing Company of Alberta Lea is DENIED in part and GRANTED in part. In summary, as to the Plaintiff's motion, the Court: precludes admission of: the OSHA Form 301 on page 50 of the OSHA Records, the notes presented on page 52 of the OSHA Records, the notes presented on page 46 of the OSHA Records, the Hudson Worker's Compensation Board Form, and the OSHA Form 300. As to the Defendant's motion, the Court denies the preclusion of the testimony of Kevin Elphick and grants the preclusion of post-manufacture modifications; Plaintiff may only introduce evidence of post-manufacture modification to go towards Plaintiff's argument surrounding Defendant's duty to warn, and Plaintiff may only do so after first establishing that Defendant had notice of the ironworker's original design being inadequate.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 70, 72 and 74.

Dated:   December 17, 2024                              SO ORDERED:
         White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge